J-S16044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN LIEBEL | : | |
| | : | |
| Appellant | : | No. 2568 EDA 2023 |

Appeal from the PCRA Order Entered September 15, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002466-1997

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED MAY 31, 2024**

Appellant, John Liebel, appeals *pro se* from the order entered in the Court of Common Pleas of Bucks County, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On September 15, 1997, Appellant, who was represented by appointed counsel, entered a general guilty plea to the charge of murder for the strangulation death of his father. After the plea colloquy, the trial court accepted Appellant's plea and held a degree-of-guilt hearing, following which the trial court found Appellant guilty of first-degree murder and sentenced him to life in prison.  Appellant

_____

[*] Former Justice specially assigned to the Superior Court.

filed a timely direct appeal challenging the sufficiency of the evidence, as well as the voluntariness of his plea. We affirmed his judgment of sentence on March 5, 1999. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On or about February 18, 2000, Appellant filed a timely *pro se* PCRA petition, and the court appointed counsel. The PCRA court dismissed the petition, and this Court affirmed the dismissal. Appellant filed a petition for allowance of appeal with our Supreme Court, and the Court granted the petition on the issue of whether appellate counsel's failure to file a petition for allowance of appeal on direct appeal was cognizable under the PCRA. Finding that it was cognizable, the Supreme Court reversed the order of this Court and remanded the case back to the PCRA court. ***Commonwealth v. Liebel***, 573 Pa. 375, 825 A.2d 630 (2003).

In January 2004, the PCRA court appointed counsel and granted Appellant leave to file a petition for allowance of appeal *nunc pro tunc* with regard to his direct appeal. Appellant filed a petition, which our Supreme Court denied on August 27, 2004. Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court.

In July 2006, Appellant filed a *pro se* PCRA petition, which the PCRA court dismissed on September 22, 2006. This Court affirmed the dismissal on July 5, 2007. Thereafter, Appellant filed *pro se* PCRA petitions in October

2007, February 2008, July 2008, September 2009, May 2012, July 2016, and March 2018, all of which were denied by the PCRA court.

After the PCRA court's dismissal of the March 2018 *pro se* petition, Appellant appealed to this Court. A panel of this Court affirmed the dismissal of Appellant's March 2018 PCRA petition as untimely; however, in doing so, this Court *sua sponte* noted a "procedural anomaly." **See Commonwealth v. Liebel**, No. 2056 EDA 2018, at 5 n.4 (Pa.Super. filed 3/26/2019) (unpublished memorandum). Specifically, we noted that Appellant had not been appointed counsel to represent him for his July 2006 petition, which, because of the posture of the case at that time, was considered a first PCRA petition. **Id.** This Court noted that it had never seen an instance where counsel was not appointed, and multiple subsequent petitions were filed and ruled upon. Specifically, we explained: "While we are mindful that [Appellant] was entitled to counsel for his first petition, we are uncertain that this Court has the current authority to essentially vacate all prior PCRA proceedings, including denials of review by our Supreme Court to reinstate [Appellant's] initial PCRA rights." **Id.** Appellant filed a petition for allowance of appeal, which our Supreme Court denied.

In September 2020, Appellant filed another facially untimely *pro se* PCRA petition. Therein, he claimed the footnote discussion of the procedural anomaly with respect to his 2006 petition constituted a newly discovered fact, which should act as an exception to the PCRA time-bar. Alternatively, he

claimed the court's failure to appoint counsel in 2006 constituted governmental interference that should act as an exception to the PCRA time-bar. The PCRA court denied the petition, and this Court affirmed on appeal. *See Commonwealth v. Liebel*, No. 242 EDA 2021 (Pa.Super. filed 7/27/21) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on March 30, 2022.

On or about July 26, 2023, Appellant filed the instant *pro se* PCRA petition, and on August 4, 2023, the PCRA court provided notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. On September 15, 2023, the PCRA court dismissed Appellant's petition on the basis it was untimely filed. Appellant filed a timely *pro se* appeal, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant sets forth the following issues in his "Statement of Questions Presented" (verbatim):

1. Under the Pennsylvania Constitution's rights of appeal, due process, and remedies, and the United States Constitution's right of substantive due process, is finality in criminal appeals contingent on courts reasonably applying the correct standard of review?

2. Is *Hill v. Lockhart* (1985) the exclusively correct standard of review for Appellant's 1998 claim of trial counsel's jury-waiver ineffectiveness?

3. Has any court created finality in Appellant's case by applying the standard of review from *Hill v. Lockhart* (1985) in Appellant's timely 1998 direct appeal, 2000 PCRA petition, or 2004 federal *habeas corpus* petition?

Appellant's Brief (suggested answers omitted).[1]

> Initially, we note:
>
> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

> [There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[1] We note Appellant's "Statement of Questions Presented" is unpaginated.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[2] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Lastly, there is "no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 596 Pa. 354, 943 A.2d 264, 267 (2008).

Here, on direct review, our Supreme Court denied Appellant's petition for allowance of appeal on August 27, 2004. Appellant did not seek a writ of *certiorari* in the United States Supreme Court. Therefore, his judgment of

---

[2] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. This amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. In any event, under application of either the one year or sixty-day initial threshold, Appellant is not entitled to relief for the reasons discussed *infra*.

sentence became final on November 25, 2004, after the 90-day period for seeking review in the United States Supreme Court expired. *See* U.S.Sup.Ct.R. 13(1). Thus, his one-year deadline expired on November 25, 2005. Accordingly, Appellant's instant PCRA petition, which was filed on or about July 26, 2023, is patently untimely.

Regarding the three limited exceptions set forth in Subsection 9545(b)(1)(i)-(iii), Appellant neither cites nor refers to any of the exceptions in his *pro se* appellate brief. In fact, Appellant contends his PCRA petition is not facially untimely because his judgment of sentence has not become final. *See* Appellant's Brief at 14. In this vein, he suggests that, in the context of his direct appeal, this Court failed to apply the "correct standard of review" as it pertains to determining whether his guilty plea was voluntary. He reasons that the United States Supreme Court's decision in *Hill v. Lockhart*, 474 U.S. 52 (1985), sets forth the proper standard of review for such claims, and this Court did not cite to *Lockhart* on direct appeal. Thus, he suggests that this Court used an "incorrect standard of review" on direct appeal, and, therefore, his judgment of sentence never became final. *See* Appellant's Brief at 15. We reject Appellant's claim.

Initially, we note Appellant has not supported his assertion with any citation to relevant authority. Rather, Appellant baldly asserts that, in the event this Court makes an alleged error on direct appeal, and this alleged error is never "fixed" during collateral review, the result is that a defendant's

judgment of sentence never becomes final.[3] This contention is directly contrary to the plain language of the statute, as well as this Court's holdings.

The PCRA provides:

**§ 9545. Jurisdiction and proceedings**

\*\*\*

**(b) Time for filing petition.—**

\*\*\*

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b)(3) (bold in original). This Court has specifically held that this legislative language is clear and plain. *See Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa.Super. 2014). "The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time for seeking direct review expires." *Id.* (citing 42 Pa.C.S.A. § 9545(b)(3)). Since the language of the statute is plain, and the plain meaning does not lead to a result that is absurd, impossible, or unreasonable, we must apply the statute as written. *Commonwealth v. Hall*, 622 Pa. 396, 80 A.3d 1204, 1211 (2013). Simply put, we will not expand the

---

[3] While this Court did not cite to *Lockhart* on direct appeal, we disagree with Appellant's contention this Court used an incorrect standard of review. In any event, as discussed *infra*, we need not discuss this assertion further since Appellant has filed neither a timely PCRA petition nor met any of the timeliness exceptions.

definition of when a judgment of sentence becomes final to include the scenario suggested by Appellant.

Further, to the extent Appellant claims the PCRA's one-year jurisdictional time limit cannot be applied to him because it is unconstitutional to do so where this Court allegedly errs on direct appeal, we note that, in rejecting Appellant's claim, the PCRA court relevantly indicated the following:

> [N]either [Appellant's PCRA] petition nor the Concise Statement make [any reference to the timeliness exceptions]….Appellant argues that the PCRA's one-year jurisdictional time limit cannot apply because it is unconstitutional both facially and as applied. This is not so. Indeed, "[i]t is well-established in this Commonwealth that the jurisdictional time bar set forth by [the PCRA] is clearly constitutional." **Commonwealth v. Burton**, 936 A.2d 521, 527 (Pa.Super. 2007). As our Supreme Court has stated,
>
> > [t]his Court has held that the PCRA's time restriction is constitutionally valid. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638, 643 (1998) ("the PCRA's time limitation upon the filing of PCRA petitions does not unreasonably or unconstitutionally limit [an appellant's] constitutional right to *habeas corpus* relief."). Furthermore, we have held that the PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. **See Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214 (1999). Accordingly, the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling;" instead, the time for filing a PCRA petition can be extended only to the extent that the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. **Id.** at 222.
>
> **Commonwealth v. Cruz**, 578 Pa. 325, 852 A.2d 287, 292 (2004). **See Fahy**, 737 A.2d at 220 (finding the 1995 PCRA amendments, which imposed the one-year time limit, comport with procedural due process from a notice standpoint). Accordingly, the Court is obliged to follow the law as it stands[.]

> In sum, more than [nineteen] years has passed since Appellant's sentence became final in [November] 200[4], rendering Appellant's July 26, 2023, [PCRA] petition exorbitantly in excess of the one-year limitation period imposed by the PCRA. Despite his creative attempts to sidestep this requirement, Appellant has provided no [argument] to suggest he is entitled to any of the three statutory exceptions.

PCRA Court Opinion, filed 11/27/23, at 7-8 (footnote omitted).

We agree with the PCRA court's sound reasoning. Simply put, our Supreme Court has repeatedly found the PCRA's time limitations to be constitutionally sound. **See Cruz**, **supra**; **Peterkin**, **supra**.

Finally, to the extent Appellant requests we fashion an *ad hoc* equitable exception to the PCRA time-bar in addition to those exception expressly delineated in the PCRA, our Supreme Court has repeatedly held that we are without authority to do so. **See Cruz**, **supra**; **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003) (recounting the Supreme Court's rejection of various theories devised to avoid the effects of the one-year time limitation of the PCRA).

Appellant's petition is facially untimely, and he has not pled and proven one of the enumerated exceptions. "[Thus,] neither this Court nor the [PCRA] court has jurisdiction over this petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa.Super. 2007) (citation omitted).

Therefore, we affirm the PCRA court's dismissal of Appellant's instant PCRA petition.[4]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/31/2024

_____

[4] To the extent Appellant contends he was entitled to the assistance of counsel with respect to this serial PCRA petition, we disagree. **See** Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief).  To the extent Appellant contends the PCRA court should have appointed counsel to "make up for previous errors," this Court has previously addressed this issue. **See Commonwealth v. Liebel**, No. 242 EDA 2021 (Pa.Super. filed 7/27/21) (unpublished memorandum).